Van Brunt, J.
This is an action to set aside certain judgments obtained by the defendants, Herman Adler and Solomon Bachman, against the defendants, Henry Adler and Jacob Sehoenliof, brought by the plaintiff as receiver of ' the copartnership assets of said Adler and Sehoenliof.
In considering the only question which was reserved for consideration upon the trial, I shall assume as found as matter of fact that the" debt to Herman Adler was a. debt of the firm of Adlér & Sehoenliof. The point now to be determined is whether or not the judgments obtained by Herman Adler are voidable because of fraud.
The right of one partner to sell, pledge, mortgage or otherwise dispose of any of the copartnership property or assets, for the purpose of securing a copartnership debt, even against the wishes of a copartner, seems to have been established in this State since the case of Mabbett v. White, 12 N. Y. 442. It is true, that if the act is done with a fraudulent intent, it is voidable by a party injured, and the discussion has always been as to what established á fraudulent intent. It is not,fraudulent for a partner to secure by mortgage, pledge or otherwise, one or more- of the creditors of the firm, although such action may diminish the security *388 of the other creditors, and it is not fraudulent for one partner to do this not only without the knowledge of a copartner, but even knowing he would be opposed to the giving of such security (Mabbett v. White, supra). ¡Neither is it fraudulent'for a creditor to seek to obtain such security from one of the partners of the firm which is indebted. Such being the case, a creditor has the right to get security by all legal measures, and a partner has the right to give such security. He is prohibited by statute, however, from giving security in one way, viz., by confession of judgment, but this seems to be the only method which has beeu prohibited. " ■ -
The firm of Adler & Schoenhof were indebted to Herman Adler, and in order to enable suit to be brought on this claim in the city court, Henry Adler gave these notes for this debt, which he had a perfect right to do. It would not have been any defense to an action brought upon these notes in the city court, for Jacob Schoenhof to have answered that Henry Adler had given these notes for a firm debt in order to enable suit to he brought thereon in the city court. Henry Adler had the right to secure to Herman Adler his debt. He had a right to issue notes for the same in any legal form, as long as the intent was simply to secure a debt of the firm. Such being the case, how is fraud to be predicated upon the fact that Schoenhof was purposely kept in ignorance of the bringing of the actions? If Henry Adler had the right to secure this debt without the knowledge or against the wishes of his partner, as is held in the case of Mabbet v. White, he did nothing more in the carrying out' of the plan by which the judgments in question were obtained. As long as preferment of debts, by way of sale, mortgage, pledge, etc., of copartnership property is legal by a partner of a firm in insolvent circumstances, an action tending to that end, taken solely for that purpose, cannot be held to be fraudulent.
As to the judgments obtained by Mr. Bachman, I do not see that the fact that the debt was not actually due in. *389 any way affected the right of the copartner to secure the same. The liability was a debt, although not due (Leggett v. Bank of Sing Sing, 24 N. Y. 283), and this means was taken to secure Mr. Bachman for his liability. As has been heretofore said, Bachman had a right to seek security, and Adler had a right to give it to him, as long as the only intent was to secure a liability of the firm.
I am of the opinion, therefore, that the judgments are not fraudulent as against creditors, and that the plaintiff’s complaint should be dismissed with costs.
Daniels, J.
The plaintiff as receiver of the property and effects of the partnership of Adler & Schoenhof ■brought this action to obtain a judgment declaring the recovery of six judgments and the levies made under them, and an assignment of the collectible accounts of the firm, fraudulent, and for an accounting and recovery of the same.
The judgments were recovered in the city court upon the service of the summons upon the defendant Adler alone. Before the suits were commenced this defendant made and delivered three promissory notes to the plaintiff in three of the actions, who is his son, which were made payable respectively, without grace, in two, three, and four days from the tenth day of October, 1885, each for the sum of §1,633.22. And similar notes were made on the twelfth day of October, 1885, and delivered to Solomon Bachman, one for the sum of §1,512 and the other two for §1,500 each, due in one, two and three days. The notes were all made in the firm name by the defendant Alder' (but who was authorized to make notes in its name), and without the knowledge of his copartner. The persons to whom these notes were made and delivered were partners,, and Solomon Bachman was the uncle of his copartner. When the notes became due the suits were commenced upon them, and judgments recovered on which the property of the firm was taken in execution.
*390 But it was not necessarily a fraud for one partner without the knowledge of the other, to make and deliver these potes, as long as the evidence showed that to have been done in the business of the firm, even though it may have been thereby intended to appropriate the property of the firm to the payment of these demands to the- exclusion of the other creditors. For while it is true that one partner is legally incapable of making a general assignmemt of the partnership property, preferring certain of the firm creditors over the others, a partner may create obligations binding on the firm, and under which its property may be taken .and sold, without the assent of his copartner. And he may in like manner sell or transfer partnership property to satisfy or secure a partnership indebtedness. These are , acts within the scope and comprehension of the partnership business, and may be transacted by either of the partners, while that of assigning the property in trust for the benefit of the creditors is not, and for that reason cannot be done by one partner in the absence of actually expressed or implied authority from the other. This subject was fully considered in Mabbett v. White (12 N. Y. 442), and in Grasser v. Stellwagen (25 N. Y. 315), and the law is to that extent considered to be settled.
The notes which were given by Adler in the name of the firm were founded on a legal consideration. Those to his son Herman Adler were for an indebtedness created by his check, given on the seventh of ¡November, 1884, for the sum of §4,778.01, payable to the order of Adler & Schoenhof, and endorsed by Adler in the firm name, the amount .of which was carried to its credit and used in its business. The other partner, Schoenhof, testified that this money was obtained to' balance the indebtedness of his copartner, Adler, to the firm. But that was denied by him, and as the amount was afterwards used without dissent as part of the assets of the firm, the fact could very well be found, that it was a loan directly to the firm, as the cheek by which it was made imported the fact to be. That *391 this was understood to have been its form, was also disclosed by the letter of Schdenhof written July, 1885, in which it was proposed as a condition to the continuation of the business that this debt should be specially assumed by his partner. That was not done, and as it was then evidenced by a note of the firm dated when the loan was made, but in fact given four months afterwards, and afterwards carried into another, which was superseded by the three notes on which the judgments were recovered by Herman Adler, it continued to be throughout, the debt of the firm, and not that of the partner Alder.
The other three notes were as well sustained as demands against the firm, for .it was proven by the evidence that they were given on account of an indebtedness created by the payment of a debt owing by the firm to the Ninth National Bank. To take up the note of the firm hold by the bank for that debt, the defendant, Bachman, made and delivered his check payable to the order of the firm, for the sum of $4,512, which was the aggregate amount of the three notes on which the judgments were recovered in his favor. It is true that the payment of the debt to the bank relieved collaterals owned by Adler, and held by it as security. But these, together with the partnership accounts assigned to him by Adler to secure about sixteen thousand dollars of further but contingent indebtedness, are still held by Bachman. This indebtedness had not matured, but still it was a legal consideration for the assignment of the accounts, if the assignment was made in good faith, as the firm was insolvent, and it would in the end devolve on Bachman to pay the obligations.
Neither were the judgments made inoperative or unlawful by reason of their recovery on the service of the summons on Adler, and not ou his partner, for the law has provided l for that course of proceeding, and when it lias been followed, - the execution may be levied upon the joint property, which in that manner can be applied to the payment of the judgment (Code Civ. Pro. §§ 1932-35). And the designed omission *392 to inform Sclioenhof of the service of the summons had, in and of itself, no such effect upon the judgments or executions as to prevent this appropriation of the firm or joint property to their payment.
The acts which have been proven by the evidence only have the sanction and authority of the law when they have originated and been controlled by the sole design of paying and satisfying partnership obligations. And that such was the design of Adler, and of the persons benefited by such acts, could be found as it was, from the proof in the case.
But the result might have been changed if the evidence excluded had not been received, as portions of it should have been, when it was offered. For, as the parties co-operated in what they did, what was said by either to explain or characterize what they did was admissible as proof. Material portions of evidence at first rejected were afterwards received, but that was not the effect as to a large portion of it. And if the witness had answered that he did not authorize the borrowing of the money from Herman Adler, or stated what was said by liis partner when he brought the check to the firm, or what was said when he found the first note had been given, or discovered the entry of the loan in the books, or the conversation relating to that fact, or the amount of money the firm had in the Ninth National Bank, or the time the note had to run when it was taken up by the. check-, or the conversation with Bachman when he was shown the financial condition of the firm, or what Adler directed the book-keeper to do with the check, or who directed him to date back the note, or draw the check for the interest,—it might have been made to appear by certain of the answers that the actuating intention of the parties was in part to make a friendly disposition of the property of the firm for the future benefit of Henry Adler, and to prevent the other creditors from receiving any part of the assets of the insolvent firm upon their own debts. The transactions between these relatives were by no means free from suspicion. The circumstances were not those usually *393 attending the disposition of the property of an insolvent firm, and whatever would have had a tendency, as several of the rejected answers might, to express an unlawful or fraudulent intent, should have been received as evidence. Great latitude is allowed in these investigations ; and when an unlawful intent actuates the parties, it can ordinarily be proven only by circumstances, and however slight they may be, if they legally tend to prove the case, they should be received. While all the acts of the parties may have been lawfully performed, this depending upon the intent which led to them, they would be unlawful and entitle .the plaintiff, as receiver, to the accounting and recovery demanded, if they were in any material respect prompted and produced by the intent of so disposing of the firm property as to ¡movent the other creditors of the firm from applying any part of that which was so appropriated to the payment of their own debts. And another trial of the action with so much of the rejected evidence in the case as is pertinent to that inquiry may establish that result. Whether it will or not can in no other manner be determined than by a reversal of the judgment and the direction of a new trial. And that disposition should be made of the case.
Brady, J., concurred.